### 5074. MYRICK *v.* THE STATE.

1. There was sufficient evidence to authorize the verdict, and this court has no power to direct a new trial on the ground that the verdict was against the weight of the evidence.
2. A general exception that an act of the General Assembly "is illegal and void and contains subject-matter not expressed in the caption of said act" is too indefinite to raise a question for decision.
3. This court has no authority to control the discretion of a judge of the superior court in reference to setting aside on certiorari a sentence within statutory limits, imposed by a city court in a criminal case. A complaint that a sentence within legal limits is tyrannical and oppressive is one that can only be addressed to the court that tried the case or to the superior court which reviews the trial on certiorari.

DECIDED OCTOBER 21, 1913.

Certiorari; from Bryan superior court—Judge Sheppard. June 23, 1913.

*J. H. Smith,* for plaintiff in error.

*N. J. Norman, solicitor-general,* contra.

POTTLE, J. It appears from the record and the brief that the plaintiff in error was a white man with a wife and children. He became involved in a difficulty with one of his cousins and drew a pistol on him. The cousin did not institute the prosecution, but was compelled to testify. The accused was convicted of carrying a pistol without a license, but was recommended to clemency by the jury. In spite of this recommendation and the eloquent plea of his counsel which appears in the record, the court imposed an unconditional sentence of two months in the chain-gang. The judge of the superior court approved the sentence on certiorari. It is perhaps true that the sentence was unduly severe, but the judgment imposed was not erroneous, and the authority of this court is limited to the correction of errors of law. There was evidence which authorized a conviction, and no error of law was committed.

*Judgment affirmed.*